# EXHIBIT

# A

IN THE SUPERIOR COURT
CAMDEN COUNTY, GEORGIA

RICHARD O. ALLEN,   )
   )
    Plaintiff,   )
   )
vs.   )   CIVIL ACTION NO. 14V756 AH
   )
WESTERN UNION FINANCIAL   )
SERVICES, INC.,   )
   )
    Defendant.   )

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: WESTERN UNION FINANCIAL SERVICES, INC., c/o Registered Agent for Service of Process C.T. Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia, 30361.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of said Court and serve upon Plaintiff's attorney whose name and address is as follows:

    Randall C. Sorenson
    Attorney at Law
    2475 Village Drive, Suite 110
    P.O. Box 1536
    Kingsland, Georgia 31548

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 17th day of July, 2014.

_____
CLERK, SUPERIOR COURT
CAMDEN COUNTY, GEORGIA

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

RICHARD O. ALLEN, )
)
    Plaintiff, )
)
VS. ) CIVIL ACTION NO. _14V756AH_
)
WESTERN UNION FINANCIAL )
SERVICES, INC., )
)
    Defendant. )

## COMPLAINT FOR SLANDER AND DEFAMATION

Plaintiff, **RICHARD O. ALLEN**, brings this Complaint against **WESTERN UNION FINANCIAL SERVICES, INC.**, Defendant, and respectfully shows as follows:

1.

Plaintiff Richard O. Allen is an Attorney at Law, duly licensed to practice law in the State of Georgia, being admitted to the State Bar of Georgia in November, 1984. The name of Plaintiff's business is Richard O. Allen, Attorney at Law.

2.

Plaintiff has continuously practiced law in the State of Georgia since his admission to the Bar and has practiced primarily in the area of criminal defense.

3.

At all times since his admission to the State Bar of Georgia, Plaintiff has been in good standing STATE OF GEORGIA Bar.

CAMDEN SUPERIOR COURT
FILED 7/17/2014 AT 4:59 AM
_____ DEPUTY CLERK

4.

At all times relevant to this Complaint, Plaintiff's business address was 416 Bedell Avenue, Woodbine, Camden County, Georgia.

5.

Defendant Western Union Financial Services, Inc. ("Western Union"), is a Colorado corporation duly registered to do business in the State of Georgia with its Registered Agent being CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia, 30361.

6.

Defendant Western Union is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. §9-10-91(1) and (3), and the facts set forth herein.

7.

On or about July 19, 2013, Plaintiff was contacted by and met with an inmate incarcerated in the Camden County Jail for representation in a criminal defense matter.

8.

Plaintiff's fee arrangement with the inmate was a $25,000.00 fee, which included an initial investigation fee of $2,500.00. The fee arrangement required the $2,500.00 investigation fee be paid immediately. The client paid $750.00 from his funds and the remaining $1,750.00 was to be sent by a money transfer through

Defendant Western Union's facilities from the client's grandfather, Mr. Larry Malphus, over the weekend.

9.

Mr. Larry Malphus made a money transfer attempt through Defendant Western Union at an authorized retailer in Ridgeland, South Carolina, on July 19, 2013, or July 20, 2013. The Money Transfer Control Number is believed by Plaintiff to be 83318511989.

10.

Mr. Larry Malphus was informed by the retailer's agent at that time that there might be a problem and he should call a Western Union representative at a number supplied by the retailer's agent.

11.

Mr. Larry Malphus called the 1-800 number supplied to him by the retailer's agent and personally spoke with an employee of Defendant Western Union.

12.

Defendant Western Union's employee told Mr. Larry Malphrus that he should withdraw the money transfer to Plaintiff because ``they had had problems with him before'', ``that Plaintiff was not a lawyer'' and that ``he is a fraud'', referring specifically to Plaintiff.

13.

Based on the disparaging and derogatory statements made to Mr. Larry Malphrus as stated hereinabove, Mr. Larry Malphrus withdrew his attempted money transfer to Plaintiff.

14.

The disparaging and derogatory statements about Plaintiff made to Mr. Larry Malphrus by Defendant Western Union were false and malicious, designed to cause Mr. Larry Malphrus not to retain Plaintiff's services.

15.

Defendant Western Union had made similar statements about Plaintiff to another client of Plaintiff several years prior to the incident complained of herein and Plaintiff believed Defendant Western Union was aware of the true situation with his law practice and that Defendant Western Union would not make such false statements impugning his character and reputation in the future.

16.

At the time Defendant Western Union's employee made the disparaging and derogatory statements about Plaintiff to Mr. Larry Malphrus, Defendant Western Union's employee was acting within the scope of the employee's employment.

17.

At the time Defendant Western Union's employee made the disparaging and derogatory statements about Plaintiff to Mr. Larry Malphrus, Defendant Western Union's employee did so at the direction of Defendant Western Union.

18.

At the time Defendant Western Union's employee made the disparaging and derogatory statements about Plaintiff to Mr. Larry Malphrus, the employee was using information kept on file in Defendant Western Union's "fraud division" or some other such designation.

19.

Defendant Western Union has a policy set forth in a published document available on-line called "Western Union's Privacy Statement".

20.

Defendant Western Union regularly discloses personal information from some data bank about its senders of money as well as the recipients of money.

21.

Defendant Western Union's employee was authorized to be the conduit of the information about private citizens when Defendant Western Union's employee made the disparaging and derogatory

statements about Plaintiff to Mr. Larry Malphrus.

22.

Defendant Western Union regularly receives complaints from senders and recipients of money transfers about false information being relayed by its employees under the Defendant's policy of revealing personal information about its customers and recipients of money transfers.

23.

The disparaging words used by Defendant Western Union about Plaintiff resulted in Plaintiff being specially damaged by the loss of a $25,000.00 attorney fee overall, and the immediate loss of the $1,750.00 payment attempted by Mr. Larry Malphrus.

24.

The actions of Defendant Western Union in uttering the disparaging words against Plaintiff constitute slander per se.

25.

The false disparaging words uttered against Plaintiff to Mr. Larry Malphrus by Defendant Western Union defamed and besmirched Plaintiff's name, reputation, and character.

26.

The very nature of the disparaging words used by Defendant Western Union about Plaintiff imputes the intention of Defendant

Western Union to injure Plaintiff personally and Plaintiff's business as a lawyer.

27.

As a result of Defendant Western Union's uttering the disparaging words about Plaintiff to Mr. Larry Malphrus, Plaintiff has suffered a loss of reputation, standing in the community, personal humiliation, mental anguish, and suffering.

28.

Plaintiff should recover general damages in an amount to be determined by the enlightened conscience of an impartial jury.

29.

Defendant Western Union should be required to pay punitive damages in an amount that would deter Defendant Western Union from continuing the reckless dissimulation of false information about persons involved in the innocent process of transferring money from one person to another.

30.

Due to the large number of money transfers made daily throughout the United States and worldwide by Defendant Western Union, and therefore giving Defendant Western Union the opportunity to disclose false personal information about senders and recipients of money transfers each time, the punitive damages necessary to deter Defendant Western Union from such reckless

conduct should not be less than $5,000,000.00.

**WHEREFORE**, Plaintiff prays:

(a) That his Complaint be filed and summons issue;

(b) That Defendant Western Union be declared to have defamed and slandered Plaintiff personally and Plaintiff professionally;

(c) That he be awarded special damages in the amount of $25,000.00;

(d) That he be awarded general damages for the injury to Plaintiff's character and reputation in an amount to be determined by the enlightened conscience of an impartial jury;

(e) That Defendant Western Union be required to pay punitive damages to deter Defendant from such conduct in the future in an amount not less than $5,000,000.00;

(f) That Plaintiff have a trial by jury; and

(g) That he have such other and further relief deemed just and appropriate under the circumstances.

This _____ day of July, 2014.

Respectfully submitted,

_____
RANDALL C. SORENSON
Attorney for Plaintiff

P.O. Box 1536
Kingsland, GA  31548
(912) 882-6242
State Bar No: 667050

**SHERIFF'S ENTRY OF SERVICE**

CAMDEN PRINTING FORM 8742

Civil Action No. 14-V-0756-AE

| | Superior Court | ☒ | Magistrate Court | ☐ |
|---|---|---|---|---|
| | State Court | ☐ | Probate Court | ☐ |
| | Juvenile Court | ☐ | | |

Date Filed 07/17/14

Georgia, CAMDEN COUNTY

JUL 21 2014

Attorney's Address
Randall C. Sorenson, Esquire
P.O. Box 1536
Kingsland, GA 31548-1536

RICHARD O. ALLEN
Plaintiff

VS.

WESTERN UNION FINANCIAL SERVICES, INC.
Defendant

Name and Address of Party to be Served
Western Union Financial Services, Inc.
c/o REgistered Agent for Service of Process
C.T. Corporation
1201 Peachtree Street, NE
Atlanta, GA 30361

CAMDEN SUPERIOR COURT
Filed 8-28-14 at 1:17 P.M.
Carolina Carter, Clerk

Garnishee

**SHERIFF'S ENTRY OF SERVICE**

☐ **PERSONAL** I have this day served the defendant _____ personally with a copy of the within action and summons.

☐ **NOTORIOUS** I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

☒ **CORPORATION** Served the defendant Western Union Financial Services INC a corporation by leaving a copy of the within action and summons with S Edwards CT Corp in charge of the office and place of doing business of said Corporation in this County.

☐ **TACK & MAIL** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

☐ **NON EST** Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 14 day of August, 2014 Time _____

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK  CANARY-PLAINTIFF  PINK-DEFENDANT