# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

RICHARD O. ALLEN,

    Plaintiff,

v.

WESTERN UNION FINANCIAL
SERVICES, INC.,

    Defendant.

CV 214-140

## ORDER

Plaintiff Richard Allen, a criminal defense attorney, claims he lost attorney's fees and a client when Defendant Western Union allegedly advised the client's grandfather not to wire money to Plaintiff because Plaintiff was "not a lawyer" and was a "fraud." Plaintiff filed his complaint alleging slander per se three days before the statute of limitations period closed and mailed the summons and complaint to the Fulton County Sheriff's Office the day after filing the complaint. However, the Sheriff's Office did not perfect service until 28 days after the complaint was filed.

Defendant brings this motion to dismiss for insufficient service (Dkt. no. 4). Because Plaintiff acted with the

1

appropriate diligence in perfecting service, Defendant's motion to dismiss is **DENIED**.

## FACTUAL BACKGROUND

The following allegations are taken from Plaintiff's First Amended Complaint (Compl., Dkt. no. 5-1).

Plaintiff is a criminal defense attorney from Woodbine, Georgia and is licensed to practice law in Georgia. Compl. ¶¶ 1-4. On or about July 19, 2013, Plaintiff met with an inmate in the Camden County Jail to discuss representation in a criminal case. Id. ¶ 7. The two reached an agreement under which the inmate would ultimately pay a $25,000 fee for Plaintiff's representation, with $2,500 paid upfront. Id. ¶ 8. The client could only pay $750 immediately, and arranged for his grandfather to wire Plaintiff the remaining $1,750 over the weekend. Id.

The grandfather tried to make a money transfer to Plaintiff on July 19 or 20, 2013, through Defendant Western Union's Ridgeland, South Carolina retail location. Id. ¶ 9. When the grandfather initiated the transfer, Defendant's agent told him that there might be a problem with the transfer and asked that the grandfather call a Western Union representative at the provided phone number. Id. ¶ 10. The grandfather dialed the number and spoke with a Western Union representative, who told him that he should withdraw the money transfer to Plaintiff

2

because "they had had problems with him before", "that Plaintiff was not a lawyer", and that "he is a fraud", referring specifically to Plaintiff. Id. ¶ 12. Plaintiff alleges that these statements were false and malicious, and caused the grandfather not to retain Plaintiff's services and to withdraw the wire transfer. Id. ¶¶ 13-14.

Plaintiff alleges that this is not the first time Western Union has made these kinds of statements to Plaintiff's potential clients. Id. ¶ 15. However, Plaintiff believed that on these prior occasions he had adequately clarified with Western Union that he is, in fact, an attorney, and that the incident would not be repeated. Id. Plaintiff believes that the false statements were nevertheless repeated because Western Union recklessly failed to update information it kept on file in its "fraud division." Id. ¶¶ 18, 30.

**PROCEDURAL BACKGROUN**

Georgia has a one year statute of limitations for slander. Ga. Code Ann. See § 9-3-33. Thus, the statute of limitations for Plaintiff's slander claim would expire on July 20, 2014.

Plaintiff filed his first complaint in Camden County Superior Court on July 17, 2014 at 4:59 p.m. Dkt. no. 5-1. The next morning, Plaintiff's legal secretary, Vickie Schwarz, sent the service copies of the summons and complaint, along with a Sherriff's Entry of Service form, by regular mail to the Civil

AO 72A
(Rev. 8/82)

Process Division of the Fulton County Sheriff's Office. Dkt. no. 6, Ex. P-1 ("Schwarz Aff."), ¶ 3. Defendant Western Union, a Colorado corporation, has a registered agent in Atlanta, Georgia. Compl. ¶ 5. Plaintiff's intention was to have the Fulton County Sheriff's office provide service of process on Defendant's agent. The Sheriff's Entry of Service Form indicates that the summons, complaint, and Sheriff's Entry of Service Form were received by the Fulton County Sheriff's Office on July 21, 2014. Schwartz Aff. ¶ 4.

On July 24, 2014, Ms. Schwartz called the Camden County Superior Court Clerk's Office to see if service had been perfected on Defendant's agent. Id. ¶ 5. She was informed that the Clerk's Office had not received the return of service. Id. That same day, Ms. Schwartz called the Fulton County Sheriff's Office, Civil Process Division, to ask if the service had been made. She was told that it had not, but that it was "in line" to go out. Id. ¶ 6. She told the person taking the call that "we needed the lawsuit served as soon as possible." Id.

Ms. Schwartz called Fulton County again on August 18, 2014, and was again told that the papers had not been served. She reiterated the necessity for service as soon as possible. Id. ¶ 7. She called twice on August 25, 2014, and twice again on August 26 and once on August 27 to inquire about the papers, but each time she was told that no one knew where the paperwork was.

4

Id. ¶ 8. No one told Ms. Schwartz during these phone calls that the summons and complaint was actually served on August 14, 2014. Id.

Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(a) on September 15, 2014, and filed the present Motion to Dismiss on September 22, 2014.

**LEGAL STANDARD**

Defendant challenges Plaintiff's Complaint under both Rules 12(b)(5) and (6). Defendant's Rule 12(b)(6) motion to dismiss is premised on the theory that Plaintiff's claim is barred by the applicable statute of limitations rather than the theory that the allegations in Plaintiff's complaint were inadequately pleaded. Dkt. no. 8, p. 3, n.4.

The Federal Rules of Civil Procedure allow for a party to seek dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Courts apply the same analysis to a motion to dismiss for insufficient service of process under Rule 12(b)(5) as they would for a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). Carrier v. Jordan, 714 F. Supp. 2d 1204, 1211 (S.D. Ga. 2008).

> In that context, the defendant first bears the burden of producing affidavits that, in non-conclusory fashion, demonstrate the absence of jurisdiction. The plaintiff then bears the burden of presenting "enough evidence to withstand a motion for directed verdict." If the plaintiff presents countering evidence, "the court must construe all reasonable inferences in favor

AO 72A
(Rev. 8/82)

of the plaintiff." Absent an evidentiary hearing, the plaintiff's presentation of sufficient evidence to defeat a motion for directed verdict ends the inquiry favorably to the plaintiff.

Lowdon PTY Ltd. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008) (internal citations omitted). The burden is on the plaintiff to establish the validity of service of process on the defendant. Id.

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**DISCUSSION**

Defendant argues that Plaintiff's complaint was not timely served and should be dismissed. Both parties agree that the complaint was timely filed. The only question that needs to be answered is whether the service of process 28 days after the filing relates back to the time of the filing. See Dkt. no. 4, Def.'s Motion to Dismiss, p. 4; Dkt. no. 6, Pl.'s Resp., p. 6.

## I. Late Service of Process and "Relating Back"

As noted above, Georgia has a one year statute of limitations for "injuries to the reputation." Ga. Code Ann. § 9-3-33. A suit for slander or defamation is one for injury to the reputation. Infinite Energy, Inc. v. Pardue, 713 S.E.2d 456, 463 (Ga. Ct. App. 2011). In diversity cases, a federal court applies the law of the forum in which it sits. Lau v. Klinger, 46 F. Supp. 2d 1377, 1381 (S.D. Ga. 1999). Thus, in this case, the Court will apply Georgia's commencement law because that law is an integral part of Georgia's statute of limitations. See Cambride Mut. Fire Ins. Co. v. City of Claxton, Ga., 720 F.2d 1230, 1233 (11th Cir. 1983) (holding that Georgia law determines whether plaintiffs' suit is barred by the statute of limitations where relation back of service of process is in question).

Georgia's process statute enumerates who may serve process, and that list includes "[t]he sheriff of the county where the action is brought or where the defendant is found or by such sheriff's deputy." Ga. Code Ann. § 9-11-4(c)(1). "When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service." Ga. Code Ann. § 9-11-4(c). For purposes of this statute, "the person making such service" refers to the process server, not

7

the party filing the complaint. Giles v. State Farm Mut. Ins. Co., 765 S.E.2d 413, 416 (Ga. Ct. App. 2014).

If a party timely files a complaint but does not perfect service until after the statute of limitations runs, as has happened here, whether the service relates back to the date the complaint was filed depends, in part, on how quickly process was served: "if service is made within the five-day grace period allowed by OCGA § 9-11-4(c), it relates back to the date the complaint was filed as a matter of law." Id. at 417 (quoting Williams v. Colonial Ins. Co., 406 S.E.2d 99 (Ga. Ct. App. 1991)). But

> [w]here a complaint is filed near the statute of limitation and services is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4(c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service.

Id. (quoting Moody v. Gilliam, 637 S.E.2d 759 (Ga. Ct. App. 2006)). The five-day grace period begins to run when the person making the service receives the summons and complaint, not when the plaintiff files the complaint. Id.

Here, Plaintiff filed his complaint on July 17, 2013, within the statute of limitations. On July 18, his secretary mailed the summons to the Fulton County Sheriff's Office, which received the papers on July 21. The Fulton County Sheriff's Office did not serve Defendant's agent with process until August

8

14, 2014, 24 days aft receiving the papers. Thus, service was perfected more than five days after the person making service received the summons and complaint, and whether or not the service relates back to the date the complaint was filed will depend on Plaintiff's diligence in perfecting service.

The burden to prove diligent service rests on the plaintiff. Zeigler v. Hambrick, 571 S.E.2d 418, 420 (Ga. Ct. App. 2002), overruled in part on other grounds by Giles, 765 S.E.2d 413.[1] "[T]he correct test must be whether the plaintiff showed that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." Childs v. Catlin, 216 S.E.2d 360, 362 (Ga. Ct. App. 1975). The plaintiff "must provide specific dates or details to show diligence and cannot rely on conclusory statements." Zeigler, 571 S.E.2d at 420. In Zeigler, the plaintiff failed in proving her diligence to perfect service because she provided no evidence showing as much. Id. She averred, without a supporting affidavit, that the marshal's office she had enlisted to serve process "was having trouble serving [defendant] due to demands on the office. Zeigler provided no evidence, however, that she took *any* steps to ensure

---

[1] Giles overruled dozens of prior cases "to the extent they misstate the rule governing the calculation of the five-day grace period embodied in OCGA § 9-11-4(c)." Giles, 765 S.E.2d at 419. While these cases misstated the proper calculation of the five-day grace period, their rulings on the "diligence" factor still stand and will be relied upon in this Order.

that her renewal action was served, such as by making inquiries at the marshal's office or by requesting a special process server." Id. (emphasis in original). See also Scott v. Taylor, 507 S.E.2d 798, 799 (Ga. Ct. App. 1998) (action properly dismissed when, among other faults, the plaintiff failed to "show that the sheriff's office was contacted to ascertain the reason for the delay in effectuating service.").

However, dismissal is improper where the plaintiff has provided evidence of his diligent attempts to perfect service and where fault in perfecting service lies exclusively with the service processer. In Deloach v. Hewes, the Plaintiff filed his complaint four days before the statute of limitations expired but the marshal's office (an approved process server under Ga. Code Ann. § 9-11-4(c)(2)) did not serve defendants until 39 days later. 439 S.E.2d 94, 95 (Ga. Ct. App. 1993). The Court of Appeals held that dismissal was improper because the plaintiff had provided the correct address to the marshal, who had the statutory duty to accomplish service within five days, and Plaintiff made several follow-up calls to the clerk's and marshal's offices when service appeared to be late. Id. The court observed that "[t]he plaintiff has no authority to require the marshal's office to perform its duties, especially where the plaintiff is unable to ascertain through inquiry to the clerk's office or the marshal's office whether or not defendants have

10

been served." Id.; see also Jackson v. Nguyen, 484 S.E.2d 337, 339 (Ga. Ct. App. 1997) ("As a matter of law, plaintiffs were justified in relying on the sheriff to perform his duty to make service within five days of receiving the summons and complaint, at the address given. In this case . . . service would have been timely if the sheriff had performed his duty."), overruled in part on other grounds by Giles, 765 S.E.2d 413.

Here, Plaintiff has done everything that the cases cited above have held reflect proper diligence. Plaintiff filed his complaint within the statute of limitation; his secretary mailed it to the Sheriff's Office the next day to process service; the Service Process form had the correct address on it; when it appeared that service had not yet been processed, Ms. Schwartz called the Sheriff's office and was told it was "in line" to be delivered; she called again, repeatedly, and was not provided any information as to whether or not the service had been made. All of Plaintiff's evidence of diligence is contained in Ms. Schwartz's duly submitted affidavit. Plaintiff's evidence of diligence is practically indistinguishable from the evidence which the court in Deloach held could not support dismissal. While the Sheriff's Office may not have processed service as quickly as section 9-11-4(c) requires, Plaintiff has no power to force the Sheriff to meet its statutory requirements, and thus cannot be faulted for the Sheriff's delay.

## II. The Purported "Stricter Standard" for Slander Claims

Defendant argues that this Court should hold Plaintiff's complaint to a stricter standard in determining if the complaint survives Defendant's Rule 12(b)(5) and (6) motions to dismiss. In Georgia, "[w]hen the claim alleged is a traditionally disfavored 'cause of action,' such as malicious prosecution, libel, and *slander*, the courts tend to construe the complaint by a somewhat stricter standard." Jacobs v. Shaw, 465 S.E.2d 460, 463 (Ga. Ct. App. 1995) (emphasis in original), overruled on other grounds by Infinite Energy, 713 S.E.2d at 463-64.

Defendant's reliance on this "stricter standard" rule is problematic. The rule as discussed in Jacobs suggests that complaints for slander are held to a stricter standard when the adequacy of the pleadings is challenged, as opposed to the complaint's compliance with proper procedure. See id. ("Even a liberal interpretation of the complaint fails to encompass claims for republication of slander that Jacobs has failed to plead."). But here, Defendant has disclaimed any potential argument that Plaintiff's complaint fails to state a cause of action for slander. Dkt. no. 8, p. 3 n.4.[2] Although Defendant

---

[2] Had Defendant's 12(b)(6) motion to dismiss attacked the adequacy of the pleadings, this Court would hold that, even under the "stricter standard," Plaintiff's complaint would survive a motion to dismiss for failure to state a claim. In Georgia, "[s]lander or oral defamation consists in: . . . (3) Making charges against another in reference to his trade, office, or profession, calculated to injure him therein; or (4) Uttering any disparaging words productive of special damage which flows naturally therefrom." Ga. Code Ann. § 51-5-4(a). Plaintiff alleges that Defendant dissuaded a potential

12

provides no prior examples of courts using this stricter standard to dismiss a claim for failure to perfect service, Defendant appears to suggest that this Court should nevertheless dismiss Plaintiff's complaint because the Sheriff's failure to make service until 28 days after the complaint was filed is particularly egregious for a complaint alleging slander.

The Court is not convinced that this is how Georgia courts intended the stricter standard for slander to be applied. But even if it were, the standard speaks of holding the plaintiff's complaint (as opposed to supporting affidavits) to the stricter standard. Here, no matter how strict the Court should be in requiring Plaintiff to file his complaint before the statute of limitations expires, the complaint unquestionably shows that Plaintiff filed the complaint three days before the end of the limitations period. The real issue in dispute in this case, though, is whether Plaintiff diligently attempted to perfect service. And as discussed above, he did. This Court will not misapply the "stricter standard" when inspecting Plaintiff's diligence because Plaintiff is just as powerless to force the Sheriff to perform his duties to serve a complaint for slander as he is for any other type of complaint—favored or otherwise.

---

client from contracting with Plaintiff by telling the client that Plaintiff was a "fraud" and "not a lawyer." Compl. ¶¶ 12-14. When construed in a light most favorable to the Plaintiff, these allegations and others in the complaint set forth adequate facts and details to state a cause of action for defamation and slander.

## CONCLUSION

Plaintiff filed his complaint for slander before the statute of limitations expired. He then diligently forwarded the complaint to the Fulton County Sheriff's Office. When the Sheriff's Office failed to make service within the statutory five day grace period, Plaintiff diligently inquired as to the status of the service. For this reason, the late service nevertheless relates back to the date Plaintiff filed his complaint, which was within the statute of limitations. Therefore, Plaintiff's complaint is not barred by the statute of limitations, and Defendant's motion to dismiss pursuant to Rules 12(b)(5) and (6) (Dkt. no. 4) is **DENIED**.

**SO ORDERED**, this 28TH day of April, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA