IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICHARD O. ALLEN,

    Plaintiff,

v.

WESTERN UNION FINANCIAL
SERVICES, INC.,

    Defendant.

CIVIL ACTION NO.: 2:14-cv-140

## **O R D E R**

Presently before the Court is Defendant's Objection to Plaintiff's Expert Witness Statement. (Doc. 30.) For the reasons set forth below, the Court **SUSTAINS** Defendant's Objection.

## BACKGROUND

Plaintiff filed this defamation action in the Superior Court of Camden County, Georgia, on July 17, 2014. (Doc. 1-2.) Defendant filed a notice of removal in this Court on September 15, 2014, on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (Doc 1-1, p. 4.) In his Complaint, Plaintiff, a licensed attorney, alleges that Defendant's employee told Defendant's customer, who was attempting to transfer money to Plaintiff for legal services, that Plaintiff was "not a lawyer" and was a "fraud." (Doc. 1-2, p. 5.) According to Plaintiff, as a result of the employee's statement, the customer chose not to submit the payment for legal services. (Id. at p. 6.) Plaintiff claims that he suffered $25,000 in damages when the customer decided to seek other counsel. (Id. at p. 8.) Plaintiff also seeks $5,000,000 in punitive damages. (Id.)

Pursuant to the Amended Pre-Trial Scheduling Order, (doc. 25), Plaintiff filed a document labeled as an "expert witness statement" on July 20, 2015, (doc. 26). In his "expert witness statement," Plaintiff purports to provide a "summary of expert testimony" by Mr. Richard Gralnik, a computer forensic investigator. (Doc. 26, p. 1.) This document contained no substantive expert opinion by Mr. Gralnik. Instead, the statement contained background information about Mr. Gralnik and stated that: "Mr. Gralnik may testify about forensic preservation of Defendant's hard drives and other electronic storage media, developing timelines, searches for and production of responsive materials from Defendant and recovery of possible deleted data." (Id. at p. 2.) Plaintiff states that he "may decide not to call this witness at trial, as discovery of Defendant's computer storage records have not been subject to disclosure or examination at this time." (Id. at p. 1.)

Defendant filed an Objection to Plaintiff's Expert Witness Statement on September 8, 2015. (Doc. 30.) Defendant filed its Objection asserting "that there is no expert report to which [Defendant] can object at this time, and preserving [Defendant's] right to object to any expert witness report actually filed by Plaintiff at a later date." (Id.; see also, doc. 29 ("Defendant further states that it objects to the "Expert Witness Statement" filed by Plaintiff on July 20, 2015, on the grounds that it is not an Expert Witness Report as called for by the July 8, 2015 Scheduling Order and does not a identify a testimonial subject that is currently at issue in this action, nor a subject that is appropriate for testimony in a trial on the merits.")) Plaintiff did not file any response to Defendant's Objection. Moreover, the parties have not made any indication that Defendant has filed any supplemental report as to Mr. Gralnik.

**DISCUSSION**

Federal Rule of Civil Procedure 26 ("Rule 26") requires a party to make several disclosures at the outset of discovery, including a copy of all documents that the party has in its possession and may use in support of its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 26 further states that a party must disclose, at a time set by court order, the identity of any expert witness it may use to present evidence at trial and a written report from such expert. Fed. R. Civ. P. 26(a)(2)(A)-(B), (D). This disclosure must include, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). "The object of an expert witness report is to convey the substance of the expert's opinion (along with the other required background information) so that the opponent will be ready and able to cross-examine the expert, rebut his testimony, and offer a competing expert if necessary." Am. Traditions Ins. Co. v. Whirlpool Corp., No. 612-cv-1639, 2013 WL 4648476, at *2 (M.D. Fla. Aug. 29, 2013) (citing Walsh v. Chez, 583 F.3d 990, 994 (7th Cir. 2009)).

Plaintiff's report as to Mr. Gralnik does not disclose any opinions that the witness may offer, much less the basis for them. Moreover, it does not appear that Plaintiff has supplemented or updated this report. Cf. Rau v. State Farm Ins. Companies, No. CV-06-27-BLG-RFC-CSO, 2007 WL 7652826, at *10 (D. Mont. Aug. 14, 2007) (denying motion to strike expert witness where supplemental expert disclosure provided fourteen days after initial report corrected previously incomplete and inaccurate report). Further, Plaintiff has not responded or otherwise opposed Defendant's Motion. Pursuant to this Court's Rule 7.5, "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion." Accordingly, Plaintiff's Objection is due to be granted on its merits and as unopposed.

## CONCLUSION

For the reasons set forth above, the Court **SUSTAINS** Defendant's Objection to Plaintiff's Expert Witness Statement.

**SO ORDERED**, this 19th day of February, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA